IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
ST. JOSEPH DIVISION

| | |
|---|---|
| PORTERS BUILDING CENTERS, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 16-06055-CV-SJ-ODS |
| ) | |
| SPRINT LUMBER, et al., ) | |
| ) | |
| Defendants. ) | |

<u>ORDER AND OPINION (1) GRANTING IN PART AND DENYING IN PART
PLAINTIFF'S MOTION TO STRIKE, AND (2) GRANTING IN PART
AND DENYING IN PART DEFENDANTS' MOTION TO EXCLUDE</u>

Pending are Plaintiff's Motion to Strike (Doc. #260), and Defendants' Motion to Exclude (Doc. #261). For the following reasons, both motions are granted in part and denied in part.

## I. GOVERNING LAW

The admission of expert testimony is governed by Rule 702 of the Federal Rules of Evidence.

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702. The district court must make a "preliminary assessment of whether the reasoning or methodology underlying the testimony is scientifically valid and of whether that reasoning or methodology can be applied to the facts in issue." *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 592-93 (1993). The Court uses a three-part test when determining the admissibility of expert testimony:

> First, evidence based on scientific, technical, or other specialized knowledge must be useful to the finder of fact in deciding the ultimate

issue of fact.  This is the basic rule of relevancy.  Second, the proposed witness must be qualified to assist the finder of fact.  Third, the proposed evidence must be reliable or trustworthy in an evidentiary sense, so that, if the finder of fact accepts it as true, it provides the assistance the finder of fact requires.

*Lauzon v. Senco Prods., Inc.*, 270 F.3d 681, 686 (8th Cir. 2001) (internal quotations and citations omitted).  "Courts should resolve doubts regarding usefulness of an expert's testimony in favor of admissibility."  *Marmo v. Tyson Fresh Meats, Inc.*, 457 F.3d 748, 758 (8th Cir. 2006) (citations omitted).

## II.  DISCUSSION
### A. Plaintiff's Expert

Plaintiff designated Steve Browne as its expert.  Browne is a certified public accountant, financial analyst, and fraud examiner.  He holds undergraduate degrees in accounting and finance, and a master's degree in economics.

### (1) Causation Opinions

Defendants argue Browne should not be permitted to express opinions about what caused Plaintiff's damages because opinions on causation implicate a question of law.  Defendants also maintain Browne, an accountant, is not an expert on what former employees may legally do with respect to former employers' customers.[1]

Plaintiff intends to call Browne to opine on Plaintiff's damages, and the cause(s) of Plaintiff's damages.  Browne's opinions are based upon his knowledge and experience, his review of documents produced during the course of this matter, deposition testimony, Sprint Lumber's point of sales database, preliminary injunction briefing and exhibits, Defendants' responses and answers to discovery, and Defendants' expert's report.  Doc. #262-1.  The Court believes Browne is qualified to provide opinions about Plaintiff's damages and the cause(s) of those damages.  The

---

[1] Although they make this argument with regard to Plaintiff's expert, Defendants argue their expert's opinions regarding causation and lost profits are admissible.  Doc. #283, at 2.  Defendants state "[c]ausation is a question of fact in tort cases," and their expert's "causation opinion would not invade the Court's role in deciding questions of law and instructing the jury."  *Id.*

2

Court also finds that Browne's opinions, if accepted as true, will assist the jury. *See Synergetics, Inc. v. Hurst*, 477 F.3d 949, 955-56 (8th Cir. 2007) (finding the district court did not abuse its discretion in allowing an expert to testify about lost sales). Browne will be permitted to offer opinions on Plaintiff's damages, and causation of damages. In this regard, Defendants' motion is denied.

Browne, however, will not be permitted to offer opinions about what employees can or cannot do legally. Expert testimony on legal matters is inadmissible. *S. Pine Helicopters, Inc. v. Phoenix Aviation Managers, Inc.*, 320 F.3d 838, 841 (8th Cir. 2003). The evil to be avoided is having the expert offer legal conclusions on issues that will be the subject of the Court's instructions to the jury. *See United States v. Wells*, 83 F.3d 745, 753 (8th Cir. 1995), reversed on other grounds, 519 U.S. 482 (1997); *United States v. Klaphake*, 64 F.3d 435, 438-39 (8th Cir. 1995). Expert testimony instructing the jury as to legal principles governing a case is not helpful, and invades the Court's responsibility to instruct the jury on such issues. The jury will be instructed on at least one legal duty employees have, i.e., duty of loyalty. Browne will be prohibited from opining about what the duty of loyalty is. In this regard, Defendants' motion is granted.

### (2) Insufficient Facts and Data

Defendants argue Browne's testimony should be excluded because his opinions are not based upon sufficient facts and data. The subject customers executed affidavits stating they left Plaintiff on their own volition and in accordance with their desire to continue working with the former employees. Based upon these affidavits, Defendants posit Browne's opinion is unsupported because it contradicts the customers' affidavits, and is based upon speculation.

"As a general rule, the factual basis of an expert opinion goes to the credibility of the testimony, not the admissibility, and it is up to the opposing party to examine the factual basis for the opinion in cross-examination." *Synergetics*, 477 F.3d at 955-56 (citations omitted). An expert opinion should be excluded only if that "opinion is so fundamentally unsupported that it can offer no assistance to the jury." *Id.* at 956 (citation omitted); *see also W. Plains, L.L.C. v. Retzlaff Grain Co.*, No. 16-2650, 2017 WL 3722458, at *8 (8th Cir. Aug. 30, 2017). A party's dispute with an expert's

methodology or the facts or documents upon which the expert relied (or did not rely) does not result in exclusion of the expert's testimony. *EFCO Corp. v. Symons Corp.*, 219 F.3d 734, 739 (8th Cir. 2000) (finding the district court did not err in admitting experts' conflicting testimonies, and leaving the jury to decide which expert's theory was sounder). The disagreeing party should utilize cross-examination to attack the expert's testimony. *Synergetics*, 477 F.3d at 956 (citations omitted).

The Court has reviewed Browne's reports and his deposition testimony. The Court finds Browne is qualified to render an opinion about Plaintiff's damages, and the cause(s) of the damages. His opinion is based upon numerous types of evidence, which are set forth in his reports. Further, Browne's opinions are not "so fundamentally unsupported," and the Court believes his opinions could assist the jury. For these reasons, Defendants' motion to exclude on this basis is denied.

## B. Defendants' Expert

Defendants designated John Ward, Ph.D., as their expert. Dr. Ward is, among other things, a forensic economist and professor of economics. He holds a doctoral degree in economics.

### (1) Legal Conclusions

Plaintiff argues Dr. Ward's testimony should be excluded because he determined only one basis for liability could result in damage to Plaintiff. Plaintiff also maintains Dr. Ward should not be permitted to opine as to what conduct by employee or customer results in liability.

Applying the standard set forth *supra*, section II(A)(1), Dr. Ward may opine about why he believes Plaintiff has not suffered damages, and why Browne's opinions are incorrect and/or unsupported. But Dr. Ward will not be permitted testify about what employee or customer conduct results in liability under the law because such testimony invades instructions that will be given to the jury. Plaintiff brings several claims, and the legal basis for liability under those claims will be provided in instructions to the jury. For the foregoing reasons, Plaintiff's motion to exclude on this basis is granted to the extent set forth above.

### (2) No Specialized Knowledge or Expertise

Plaintiff argues Dr. Ward should be excluded from testifying because he relied solely on the subject customers' affidavits, and as such, he did not apply specialized knowledge or expertise. This argument tests the factual basis of Dr. Ward's opinion. For the reasons set forth *supra*, section II(A)(2), Plaintiff's motion to exclude Dr. Ward's testimony on this basis is denied.

### (3) Exceeds Qualifications, Unsupported, Unreliable, or Speculation

Plaintiff moves to strike Dr. Ward's opinions that it is common sense that a customer would move with a salesperson to a new job, or it is reasonable to assume Porters and Sprint Lumber have a thorough knowledge about their competitors and customers. Plaintiff also moves to strike Dr. Ward's opinions about why the former employees resigned from Porters and went to Sprint Lumber. Plaintiff argues these opinions exceed Dr. Ward's qualifications, are unsupported or unreliable, or are speculation. The Court agrees. Dr. Ward will not be permitted to offer these opinions. Plaintiff's motion to strike is granted in this regard.

### (4) Disclaimed Opinion

Finally, Plaintiff moves to strike a statement in Dr. Ward's report that he later disclaimed during his deposition. Defendants did not raise any opposition to this portion of Plaintiff's motion. For good cause stated and without objection, the Court grants Plaintiff's motion to exclude in this regard.

### III.    CONCLUSION

For the foregoing reasons, the parties' motions to strike or exclude are granted in part and denied in part.

IT IS SO ORDERED.

/s/ Ortrie D. Smith
ORTRIE D. SMITH, SENIOR JUDGE
DATE: October 2, 2017    UNITED STATES DISTRICT COURT